IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| DENISE RICHARDSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| vs. | * | No. 5:05cv00179 SWW |
| | * | |
| | * | |
| | * | |
| | * | |
| THE CITY OF PINE BLUFF, ARKANSAS; | * | |
| ARCHIE SANDERS, RON TURCHI, | * | |
| CHARLES J. FAILLA, III, WANDA V. | * | |
| NEAL, RICHARD BORGMAN, in their | * | |
| individual capacities and as members of the | * | |
| PINE BLUFF CIVIL SERVICE | * | |
| COMMISSION; and DANIEL J. MOSES, | * | |
| individually and as Chief of Police for the | * | |
| City of Pine Bluff, Arkansas, | * | |
| | * | |
| Defendants. | * | |

ORDER

This is a case of alleged employment discrimination on the basis of sex and is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the Arkansas Civil Rights Act of 1993 ("ACRA"), Ark. Code Ann. §§ 16-123-101 *et seq.* The matter is before the Court on motion of separate defendant Daniel J. Moses, individually and as Chief of Police for the City of Pine Bluff, to dismiss [doc.#21]. Plaintiff has responded in opposition to separate defendant's motion. Having considered the matter, the Court grants in part and denies in part separate defendant's motion to dismiss.

Separate defendant first argues that neither Title VII nor ACRA provide for claims to be

made against a supervisor or co-worker, individually, for sex discrimination.  Plaintiff does not contest this aspect of separate defendant's motion.   In any case, claims premised under ACRA "are analyzed in the same manner as Title VII claims," *Henderson v. Simmons Foods, Inc.*, 217 F.3d 612, 615 n.3 (8th Cir. 2000); *see also Gentry v. Georgia-Pacific Corp.*, 250 F.3d 646, 650 (8th Cir. 2001); *Flentje v. First National Bank of Wynne*, 11 S.W.3d 531, 536-38 (Ark. 2000), and Title VII and ACRA liability only attaches to an "employer" in employment discrimination actions of this type.  *See, e.g., Bonomolo-Hagen v. Clay Central-Everly Community Sch. Dist.*, 121 F.3d 446 (8th Cir. 1997) (per curiam); *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998); *Morrow v. City of Jacksonville, Ark.*, 941 F.Supp. 816, 820 (E.D.Ark. 1996). Accordingly, this Court dismisses plaintiff's Title VII and ACRA claims against separate defendant Moses in his individual capacity.

In addition, the Court concludes that plaintiff has failed to state a claim under 42 U.S.C. § 1981 against separate defendant Moses as there is no allegation that she was discriminated against on the basis of her race.  *See, e.g., Forbes v. Arkansas Educational Television*, 22 F.3d 1423, 1428 (8th Cir. 1994) (failure to allege racial discrimination bars a § 1981 claim); *Rouse v. Benson*, 193 F.3d 936, 943 (8th Cir. 1999) (§ 1981 claim properly disposed of where there was no evidence tending to show discrimination on the basis of race).  Accordingly, this Court dismisses plaintiff's § 1981 claims against separate defendant Moses in his individual capacity.

The Court does deny separate defendant's motion to dismiss plaintiff's 42 U.S.C. § 1983 claims, however.  Although an individual employee/supervisor who does not otherwise qualify as an "employer" may not be sued under Title VII and/or ACRA, individual liability is nevertheless allowed under § 1983.  *See, e.g., Weberg v. Franks*, 229 F.3d 514, 522 n.7 (6th Cir.

2000).[1]  The Court is unable to conclude at this time that plaintiff fails to state such a § 1983 claim.

In sum, the Court dismisses plaintiff's Title VII, ACRA, and § 1981 claims against separate defendant Moses in his individual capacity, but denies separate defendant's motion to dismiss plaintiff § 1983 claims.

IT IS SO ORDERED this 21st day of November 2006.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[1] Claims of discrimination on the basis of sex under § 1983 are analyzed under the same standards as Title VII litigation.  *Wright v. Rolette County*, 417 F.3d 879, 884-85 (8th Cir. 2005), *cert. denied*, 126 S.Ct. 1338 (2006).